[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the defendant's Motion for Summary Judgment claiming this action is time barred under 52-584 of the Connecticut General Statutes. It is undisputed that the claimed injury occurred on December 5, 1989 and that the complaint was not delivered to the sheriff for service until January 13, 1992 a time beyond the two year statute of limitation. The plaintiff claims in response to this motion that the defendant was "without" of the State of Connecticut for a period of approximately six months from January 1990 and therefore under52-590 that period should be excluded from the computation of the two year statute of limitations. The defendant argues that52-590 is not applicable and that during the period of the defendants absence the plaintiff could have served him under the provisions of 52-59h applicable to non residents.
Regardless of whether the defendant was a resident and "without" of the state or a non resident during his six month absence from this state, it is undisputed that no effort was made by the plaintiff to serve him during the period within the two year statute of limitations. The plaintiff has filed an affidavit stating that she never consulted her attorney until December 30, 1991. Even if we assume that the defendant was still a resident of the state of Connecticut during his absence and that he had no usual place of abode for service during that period the plaintiff is unable to avail herself of the provisions of 52-590. Our Supreme Court has long held that 52-590 and its CT Page 7003 predecessor Stat. p. 406 8 (ed. 1838) could be invoked when it "was impossible to commence a suit against him, in which the rights of the parties could be effectually determined" Sage v. Hawley, 16 Conn. 106, 115. It was not impossible to commence a suit against this defendant, he was here in Connecticut since the 1990. The fact is the plaintiff did not try to serve him either during his absence or since his return and prior to the expiration of the statute of limitations. In addition our court stated in Sage that the tolling of the statute of limitations should occur when "without the least fault or negligence on the part of the claimant, and where the principles of natural justice would therefore plainly require his rights be saved." Id. p. 115. Clearly the plaintiff is not without fault or negligence when she waited more than two years to consult an attorney. In addition the defendant's absence of approximately six months was nothing more than "temporary" and therefore should not be excluded from the period of the statute of limitations. Clegg v. Bishop, 105 Conn. 564.
For all of the reasons stated above the court does not feel that the plaintiff can avail herself of the provisions of 52-590
and therefore since this action has not been commenced within the period of the applicable statute of limitation the court will grant the defendant's motion for summary judgment.
PELLEGRINO, JUDGE